O

JS - 6

cc: remand order, docket and remand letter
to Los Angeles Superior Court, Case No. BC 435066

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA M. GONZALEZ, an individual, VENUS CRUZ, an individual<br><br>      Plaintiffs,<br><br>   v.<br><br>GMAC MORTGAGE, LLC, a Delaware Limited Liability Company, HOMECOMINGS FINANCIAL, LLC, a Delaware Limited Liability Company, FEDERAL HOME LOAN MORTGAGE CORPORATION, a Federal Association, DOES 1 to 20, inclusive,<br><br>      Defendants.<br>_____ | Case No. CV 10-05021 DDP (AGRx)<br><br>**Order (1) Granting Defendants' Motion to Dismiss in Part;(2) Declining to Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims;(3) Remanding Case to State Court**<br><br>[Motions filed on July 15, 2010] |

Before the Court is Defendants GMAC Mortgage, LLC, Homecomings Financial, LLC, and Federal Home Loan Mortgage Corporation's Motion to Dismiss Plaintiffs' First Amended Complaint, or in the alternative, for a more definite statement.[1]  For the reasons explained below, the Court dismisses Plaintiffs' federal law claims

---

[1] Defendants also filed a Motion to Strike portions of Plaintiffs' First Amended Complaint. (Dkt. No. 5.)  The Court VACATES the Motion to Strike as moot in light of this Order.

with prejudice, declines to exercise supplemental jurisdiction over their state law claims, and remands this case to Los Angeles County Superior Court.

**I.   Background**

The parties' dispute arises out of a loan to purchase residential property located at 1539 and 1541 East 80th Street, Los Angeles, California (hereinafter "the Property"). (First Am. Compl. "FAC") ¶ 7.)

On or about June 29, 2007, Plaintiffs Patricia M. Gonzalez and Venus Cruz (together "Plaintiffs") obtained a mortgage loan in the amount of $441,600 from Defendant Homecomings Financial, LLC ("Homecomings") to finance the purchase of a new residence. (FAC ¶ 10.) The loan was secured by a First Trust Deed on the Property in favor of Homecomings. (FAC ¶ 10.) Plaintiffs allege that Homecomings sold them "a predatory loan, for which [they] could only afford interest only payments." (FAC ¶ 20.) They further allege, in relevant part, that when they signed the loan documents "there was no one present to explain to the borrowers the documents which [they] w[ere] there to sign," and that before the day they signed the documents, they were "never given a Truth in Lending Disclosure Statement, a Good Faith Estimate or even Consumer Handbook on [Adjustable Rate Mortgages] from defendant." (FAC ¶ 21.)

By 2009, Plaintiffs were having problems making their monthly mortgage payments. (FAC ¶ 23.) They attempted to negotiate a loan modification, but were unable to obtain one. (Id.) The Trustee on the note, Cal-Western Reconveyance Corporation, foreclosed on the Property on January 7, 2010. (FAC ¶ 24.)

Plaintiffs filed this action in Los Angeles County Superior Court on April 2, 2010. Defendants timely removed on the basis of federal question jurisdiction. Plaintiffs' FAC lists the following causes of action: (1) "Violation of Truth in Lending Act Under 15 USC § 1605 etc."; (2) "Violation of RESPA 1 USC § 2601, et seq."; (3) "Contractual Breach of Implied Covenant of Good Faith and Fair Dealings"; (4) "Breach of Fiduciary Duty"; (5) "Unconscionability #UCC-2-3203"; (6) "Rescission"; (7) "Fraud"; (8) "Violation of Calif. Unfair Competition Law (Cal. B & P § 17200 et. seq.)"; (9) "Predatory Lending Under Calif. B & P Code § 17200"; (10) "Quiet Title"; (11) "Violation of California Civil Code § 1918.5-1921"; (12) "Violation of California Civil Code § 1916.7A(8)." (FAC ¶¶ 25-115.) Defendants moved to dismiss, or in the alternative for a more definite statement, on July 15, 2010. (Dkt. No 6.)

**II. Legal Standard**

Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), a complaint is subject to dismissal when the plaintiff's allegations fail to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, courts accept the plaintiff's allegations of material fact as true, and construe the complaint in the light most favorable to the non-moving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

In Ashcroft v. Iqbal, the Supreme Court explained that a court considering a 12(b)(6) motion should first "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. 1937, 1950 (2009). Next, the court should identify the complaint's "well-pleaded factual allegations, . . . assume their veracity and then determine whether

3

they plausibly give rise to an entitlement to relief." Id.; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." (internal quotation marks omitted)).

**III. Discussion**

    **A.    Federal Truth in Lending Act ("TILA") Claims**

Congress enacted TILA "to assure meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). Accordingly, TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). A borrower has two potential remedies for a lender's violation of TILA's disclosure requirements: rescission of the loan, 15 U.S.C. § 1635, and damages, 15 U.S.C. § 1640.

        1.    Damages

Plaintiffs appear to contend that Defendants failed to provide a variety of TILA required disclosures, and that the alleged TILA violations entitle Plaintiffs to statutory damages. (FAC ¶ 26.)

TILA provides that an "action [for damages] . . . may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the

4

occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth Circuit has held that the one-year window for filing a TILA damages claim generally "runs from the date of the consummation of the transaction." King v. California, 784 F.3d 910, 915 (9th Cir. 1986).

TILA's statute of limitations may, however, be subject to equitable tolling. The doctrine of equitable tolling suspends the applicable limitations period "until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993). Courts must consider the applicability of equitable tolling whenever a complaint, liberally construed, alleges facts showing the "potential applicability of the equitable tolling doctrine." Id.

Here, the Court can discern from the face of the complaint that TILA's one-year statute of limitations has run. Plaintiffs obtained the mortgage loan at issue in this case in June 2007. They filed their initial complaint in this action on April 2, 2010. Therefore, unless equitable tolling applies, TILA's statute of limitations bars Plaintiffs' claim for damages.

The FAC states the following with respect to equitable tolling: "[a]ny and all statute(s) of limitations relating to disclosures and notices required pursuant to 13 U.S.C. § 1601, et seq. were tolled due to Defendants' failure to provide the required disclosures and notices." (FAC ¶ 28.)

The Court is persuaded that Plaintiffs' FAC does not allege facts entitling them to equitable tolling. In order to establish entitlement to equitable tolling, a plaintiff must show that she

5

could not have discovered the claim within the limitations period through the exercise of reasonable diligence. See <u>Santa Maria v. Pacific Bell</u>, 202 F.3d 1170, 1178 (9th Cir. 2000). In this case, Plaintiffs have not pleaded facts showing that (1) they exercised reasonable diligence in attempting to discover the basis for their claim but were unable to do so during the limitations period or (2) even had they exercised due diligence, they would have been unable to discover the basis of their claim during the limitations period due to circumstances beyond their control. Accordingly, Plaintiffs are not entitled to equitable tolling, and their TILA damages claims must be dismissed, with prejudice, as time-barred.

### 2. Rescission

TILA gives a borrower a right to rescind any credit transaction involving a security interest in the borrower's home if the lender fails to make the required disclosures. 15 U.S.C. § 1635.[2] The right of rescission, however, "does not apply to [] residential mortgage transaction[s]." <u>Id.</u> § 1635(e)(1). 15 U.S.C. § 1602(w) defines the phrase "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling."

---

[2] Unlike Plaintiffs' damages claim, any right to rescission under § 1635 has a three-year limitations period. <u>Beach v. Ocwen Federal Bank</u>, 523 U.S. 410, 415-18 (1998). Accordingly, Plaintiffs' rescission claim does not appear to be time-barred.

6

1  Plaintiffs allege that the loan at issue was used to finance
2 the acquisition of their home. (FAC ¶ 20.) Accordingly, the Court
3 concludes the that the mortgage transaction at issue in this case
4 was a residential mortgage transaction within the meaning of 15
5 U.S.C. § 1602(w), and thus Plaintiffs have no right to rescind
6 under TILA. Plaintiffs' TILA rescission claim is therefore
7 dismissed with prejudice.

**B. Federal Real Estate Settlement Procedures Act ("RESPA") Claims**

10  RESPA provides that "[n]o person shall give and no person
11 shall accept any fee, kickback, or thing of value pursuant to any
12 agreement or understanding, oral or otherwise, that business
13 incident to or a part of a real estate settlement service involving
14 a federally related mortgage loan shall be referred to any person."
15 12 U.S.C. § 2607(a). The statute of limitations for violations of
16 this provision is one year. Id. § 2614. For the reasons explained
17 above in connection with Plaintiffs' TILA claims, the Court is
18 persuaded that their RESPA claims are also time-barred.
19 Accordingly, the Court dismisses Plaintiffs' RESPA claims with
20 prejudice.

26 ///
27 ///
28 ///

7

**IV.  Conclusion**

    For the reasons set forth above, the Court concludes that, with respect to Plaintiffs' claims arising under federal law, the FAC fails to state a claim on which relief can be granted.  Thus, Plaintiffs' federal claims are dismissed with prejudice.  The Court declines to exercise supplemental jurisdiction over Plaintiffs' pendent state law claims, see 28 U.S.C. § 1367(c), and accordingly, remands this case to Los Angeles County Superior Court.

IT IS SO ORDERED.

Dated: August 17, 2010

                                             DEAN D. PREGERSON
                                             United States District Judge